IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KERRY RAY LAMPKIN, JR., *Plaintiff,* | § | |
| vs. | § | SA-26-CV-0652-XR |
| BEXAR COUNTY, et al., *Defendants.* | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Xavier Rodriguez:**

This Report and Recommendation concerns Defendants Bexar County and Bexar County Risk Management Department's (collectively "Bexar County Defendants") Motion to Dismiss for Failure to State a Claim. ECF No. 5. The District Court referred the Motion to the undersigned pursuant to Western District of Texas Local Rule CV-72 and Appendix C. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

For the reasons set forth below, the undersigned recommends the District Court grant the Motion and dismiss Defendants Bexar County and Bexar County Risk Management Department from the Complaint because Plaintiff Kerry Ray Lampkin, Jr. fails to state a claim against the Bexar County Defendants upon which relief can be granted. The undersigned further

recommends the District Court deny Lampkin's bare request for leave to amend because amendment would be futile. The undersigned finally recommends the District Court dismiss this complaint in its entirety, *sua sponte*, because the record contains no evidence showing the remaining defendants were served and the deadline to do so has passed.

## I. Facts as Alleged

Lampkin, who appears *pro se*, alleges he was acquitted by a jury in a criminal case and Defendants never corrected their records to reflect his acquittal. Compl., ECF No. 1 ¶¶ 1, 2. Lampkin further alleges he served notice of this error in a "Rebuttal and Failure to Abate" on December 30, 2025, with a ten-day cure period, and Defendants never responded. *Id.* ¶¶ 5, 6. When the cure period ended on January 9, 2026, Lampkin alleges he served a "Notice of Enforcement & Jurisdictional Transition" and Defendants still failed to respond. *Id.* ¶¶ 7, 8. Lampkin alleges Defendants' silence constitutes deliberate indifference and he suffered reputational, economic, and procedural injury as a result of their failure to correct the record. *Id.* ¶¶ 4, 9.

Lampkin asserts four causes of action under 42 U.S.C. § 1983 for violations of his constitutional rights based on procedural due process (count 1), substantive due process (count 2), deliberate indifference (*Monell*) (count 3), and access to remedy (count 4). *Id.* at 2–3.

## II. The Parties' Briefings

The Bexar County Defendants bring the instant Motion to Dismiss urging the Court to dismiss Bexar County Risk Management because it is a non-jural entity that cannot be sued and urging the Court to dismiss Bexar County because Lampkin fails to allege any facts (i) establishing a constitutional violation occurred, (ii) establishing *Monell* liability, or (iii) supporting any claim for relief. Mot., ECF No. 5.

Lampkin responds by providing additional factual allegations suggesting a court issued an expunction order in a criminal case against him and Defendants' failure to correct their records caused him reputational harm, to include denial of housing and lost employment opportunities. Resp., ECF No. 6. Lampkin additionally requests an opportunity to amend his complaint, should the Court find it deficient. *Id*.

The Bexar County Defendants replied that, to the extent that Lampkin is asserting Bexar County failed to comply with an expunction order under Texas Code of Criminal Procedure article 55A.402, that statute does not create a private right of action, nor does it give rise to a § 1983 claim. Reply, ECF No. 8. They further argue Lampkin should not be given the opportunity to amend because doing so would be futile. *Id*.

## III. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a complaint "does not need detailed factual allegations," the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

In reviewing a motion to dismiss under Rule 12(b)(6), a court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quotation marks omitted). A court, however, need not credit conclusory allegations or allegations that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678).

Courts considering Rule 12(b)(6) motions generally hold complaints by *pro se* plaintiffs to less stringent standards than formal pleadings drafted by

attorneys. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quoting *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)). But "despite [the] general willingness to construe *pro se* filings liberally," courts "still require *pro se* parties to fundamentally abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014), *as revised* (Sept. 18, 2014) (cleaned up). Thus, a *pro se* plaintiff is not excused from the requirements to "properly plead sufficient facts that, when liberally construed, state a plausible claim to relief[.]" *Id.* (citations omitted).

## IV. Analysis

### A. Bexar County Risk Management Department is not a jural entity capable of being sued.

A plaintiff may only bring legal claims against an entity that enjoys a separate and distinct legal existence. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311 (5th Cir. 1991) (holding that a local municipal police department had no independent capacity to be sued and thus lacked jural existence).

The capacity of an entity to sue or be sued is "determined by the law of the state in which the district court is held." Fed. R. Civ. P. 17(b). Under Texas law, Bexar County is a "corporate and political body," *see* Tex. Loc. Gov't Code § 71.001, but Bexar County Risk Management Department is not.

The Fifth Circuit has held that a political subdivision like Bexar County Risk Management Department cannot participate in litigation on its own

unless it is "a separate and distinct corporate entity." *Id*. (citing *Kirby Lumber Corp. v. State of La. through Anacoco–Prairie State Game and Fish Comm'n*, 293 F.2d 82, 83 (5th Cir. 1961)). Accordingly, unless the principal agency has taken explicit steps to grant the servient agency with jural authority, the servient agency cannot engage in any litigation except in concert with the government itself. *Id*. (citing *Taylor v. Administrator of the SBA*, 722 F.2d 105, 110–11 (5th Cir. 1983)).

The Bexar County Defendants argue Bexar County Risk Management Department cannot be sued because Bexar County has not granted it jural authority. Mot. at 4–5. Lampkin does not dispute this assertion, and instead requests the Court, if convinced by this argument, allow him to amend his complaint to assert all claims against Bexar County. Resp. at 3.

The undersigned, therefore, recommends the District Court dismiss Bexar County Risk Management Department because the parties do not dispute that it is a non-jural entity.

**B. Lampkin fails to allege sufficient facts to state a claim against Bexar County.**

Federal Rule of Civil Procedure 8(a) requires a plaintiff's pleading to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more

than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

In this case, Lampkin simply lists four causes of action under § 1983—one of which (access to remedy) is not a cognizable constitutional right—without making any attempt to allege facts demonstrating a constitutional violation occurred. Compl. at 2–3. In his statement of facts, Lampkin complains of Defendants' alleged failure to update their records to reflect his acquittal, but makes no factual allegations giving rise to a § 1983 claim or establishing *Monell* liability. *Id*. at 2. Lampkin also fails to allege sufficient facts to support his claim for damages. *Id*. at 3. The undersigned, therefore, recommends the District Court dismiss Lampkin's claims against Bexar County.

**1. Lampkin fails to allege sufficient facts demonstrating Bexar County violated his constitutional or statutory rights.**

Section 1983 provides a private right of action against every person acting under color of state law who imposes or causes to be imposed a deprivation of constitutional rights. 42 U.S.C. § 1983; *Owen v. City of Independence, Missouri*, 445 U.S. 622 (1980). "[W]henever a cause of action is alleged under § 1983, the first question must be whether a federally secured right has been affected." *Bush v. Viterna*, 795 F.2d 1203, 1209 (5th Cir. 1986).

Even construing Lampkin's complaint liberally, which the Court must do because he appears *pro se*, *see Simbaki*, 767 F.3d at 484, Lampkin fails to allege Bexar County violated any federally-secured right that would give rise to a cognizable § 1983 claim.

The Fifth Circuit explicitly does not recognize a constitutional "right to expunction." *Sealed Appellant v. Sealed Appellee*, 130 F.3d 695, 699 (5th Cir. 1997). Lampkin cannot, therefore, base his § 1983 claim on Bexar County's alleged failure to expunge his record.

To the extent that Lampkin alleges Bexar County violated Texas Code of Criminal Procedure article 55A.402, which criminalizes a state official's failure to comply with an expunction order, that law does not create a private civil cause of action. *See* Tex. Code Crim. Proc. art. 55A.402. Even if it did, violations of state law do not give rise to § 1983 liability. The Fifth Circuit has instructed that § 1983 cannot be used to "bootstrap alleged violations of state law into federal claims." *Viterna*, 795 F.2d at 1209.

Lampkin cites the U.S. Supreme Court's rulings in *Paul v. Davis* and *Wisconsin v. Constantineau* to suggest the reputational harm he allegedly suffered gives rise to a due process claim, but those cases do not help him. Resp. at 2 (citing *Constantineau*, 424 U.S. 693 (1976); *Paul*, 400 U.S. 433 (1971)).

In *Paul v. Davis*, the Supreme Court held reputational harm alone does not implicate any "liberty" or "property" interests sufficient to invoke the procedural protection of the due process clause, and something more than simple defamation by a state official must be involved to establish a viable § 1983 claim. 424 U.S. at 713.

In *Wisconsin v. Constantineau*, the Supreme Court found a state statute requiring all retail liquor outlets in Hartford to post notice forbidding sales or gifts of liquor to the petitioner, a resident of that city, for one year was unconstitutional because the petitioner was denied notice and a hearing before the notices were posted. 400 U.S. 433. The statute at issue, however, caused more than reputational harm because petitioner was denied the opportunity to purchase or receive liquor from any Hartford store.

In this case, the Fifth Circuit's unequivocal statement governs: Lampkin enjoys no constitutional "right to expunction," *Sealed Appellant*, 130 F.3d at 699, and because his complaint is based solely on Bexar County's alleged failure to update its records to reflect his acquittal, Lampkin alleges no facts giving rise to a cognizable § 1983 claim.

**2. Lampkin fails to allege sufficient facts to establish *Monell* liability.**

Well-established law provides that a municipality such as Bexar County is not liable under § 1983 on the theory of respondeat superior. *Monell v. Dep't*

*of Social Servs.*, 436 U.S. 658, 694 (1978); *Johnson v. Deep East Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 308 (5th Cir. 2004). A municipality is almost never liable for an isolated unconstitutional act on the part of an employee; it is liable only for acts directly attributable to it "through some official action or imprimatur." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

To establish municipal liability under § 1983, a plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right. *Id*. To get past the pleading stage, a complaint's "description of a policy or custom and its relationship to the underlying constitutional violation cannot be conclusory; it must contain specific facts." *Peña v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018) (quotation omitted). "Allegations of an isolated incident are not sufficient to show the existence of a custom or policy." *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992).

A *Monell* claim may be based on a municipality's alleged failure to train, supervise, or discipline employees. *Peña*, 879 F.3d at 623. To state a claim that a municipality is liable for failing to train, supervise, or discipline an employee, the plaintiff must allege (1) that the municipality's training, supervisory, or disciplinary policies or practices were inadequate, (2) that the municipality was

deliberately indifferent in adopting these deficient policies, and (3) that the inadequate training, supervisory, or disciplinary policies directly caused the violations in question. *Ratliff v. Aransas Cnty., Tex.*, 948 F.3d 281, 285 (5th Cir. 2020)).

In this case, Lampkin's complaint only alleges facts related to his own isolated case, which is insufficient to show the existence of a custom or policy giving rise to *Monell* liability. *Fraire*, 957 F.2d at 1278. Lampkin makes no attempt to plead facts describing a policy or custom related to his underlying injury, which is fatal at the pleading stage. *Peña*, 879 F.3d at 622. He further offers no facts demonstrating his alleged injury was based on Bexar County's failure to train, supervise, or discipline its employees. *Peña*, 879 F.3d at 623.

Lampkin therefore fails to plead sufficient facts to establish *Monell* liability, and the undersigned recommends the District Court dismiss his complaint against Bexar County for this reason as well.

**3. The District Court should deny Lampkin's request for damages and other relief.**

Lampkin requests declaratory relief, injunctive relief, damages, costs, and "any relief deemed just" without specifying what, precisely, he wants the Court to declare or enjoin. Compl. at 1. This is insufficient to meet his pleading burden. The viability of a party's request for declaratory relief, for example, is dependent on that party's ability to assert a viable substantive

cause of action. *Collin Cty. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 171 (5th Cir. 1990). Because the undersigned finds Lampkin fails to assert a viable cause of action under § 1983, the undersigned recommends the District Court dismiss all of his claims for relief.

**4. The District Court should deny Lampkin's bare request for leave to amend.**

While Courts generally permit amendment of a pleading following dismissal of a claim on pleading sufficiency grounds, courts are not required to permit futile repleading. *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014). A proposed amendment "is futile if it would fail to survive a Rule 12(b)(6) motion[,]" and "a bare bones motion to amend remains futile when it fail[s] to apprise the district court of the facts that he would plead in an amended complaint." *Id*. at 378; *Edionwe v. Bailey*, 860 F.3d 287, 295 (5th Cir. 2017) (internal quotation marks omitted). The Fifth Circuit has cautioned that a plaintiff's bare request for an opportunity to amend to cure any defects is "insufficient to constitute a request for leave to amend under Rule 15(a)." *Douglas v. DePhillips*, 740 F. App'x 403, 406 (5th Cir. 2018).

In the Western District of Texas, Local Rule CV-7(b) requires that when a party seeks leave to file a pleading, "an executed copy of the proposed pleading, motion, or other submission shall be filed as an exhibit to the motion for leave."

Here, Lampkin simply requests the Court grant him leave to amend if it finds the complaint is deficient without attaching any proposed amended complaint. Resp. at 3. This bare request is insufficient to meet Rule 15(a)'s standard or Local Rule CV-7(b)'s requirements. Even if Lampkin amended his complaint to include facts in his Response about the expunction order and his damages, the complaint would be deficient. District Court should therefore deny Lampkin's request for leave to amend as futile.

**5. The District Court should dismiss the entire complaint.**

The Bexar County defendants who bring the instant motion are the only defendants who have appeared in the case. The docket contains no evidence that Lampkin served the other named defendants, Cannon Cochran Management Services, Inc. (CCMSI) and Does 1–10, and the deadline to do so has passed. Fed. R. Civ. P. 4(m). The undersigned therefore recommends the District Court dismiss CCMSI and Does 1–10 without prejudice and dismiss this case in its entirety.

## V. Conclusion and Recommendation

Having considered Defendants Bexar County and Bexar County Risk Management Department's Motion to Dismiss for Failure to State a Claim (ECF No. 5), the responsive pleadings, and the applicable law, the undersigned construes Lampkin's Complaint liberally and concludes that Lampkin fails to

plead sufficient factual allegations, accepted as true, to state a claim to relief that is plausible on its face. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.

The undersigned therefore recommends the District Court grant the Motion to Dismiss (ECF No. 5) and dismiss Lampkin's causes of action against Defendants Bexar County and Bexar County Risk Management Department.

The undersigned further recommends the District Court deny Lampkin's request for leave to amend because amendment would be futile, and dismiss the Bexar County Defendants with prejudice.

The undersigned finally recommends the District Court dismiss the complaint in its entirety because the named defendants who are not party to the instant motion have not been served and the service deadline has passed.

## VI. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R.

Civ. P. 72(b). The party shall file the objections with the Clerk of Court and serve the objections on all other parties.

A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections. The district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

SIGNED this 30th day of July, 2026.

**KELLY G. STEPHENSON**
**UNITED STATES MAGISTRATE JUDGE**